JOURNAL AND OPINION.
{¶ 1} This is an appeal from a decision by the Ohio Board of Tax Appeals ("BTA") that overturned a decision of the Cuyahoga County Board of Revision ("BOR") and entered a determination of value for the property at 4500 Lee Road in Cleveland, owned by appellant 4500 Ltd. 4500 Ltd. claims the BTA erred in making a determination of property value based upon a prior, void decision of the BOR that was not timely appealed by either party. We modify the decision.
 {¶ 2} On March 27, 1998, the Cleveland Municipal School District Board of Education ("BOE") filed a complaint with the BOR requesting an increase in the assessed value of the Lee Road property based upon its recent sale for more than its then current assessment. On September 30, 1998, the BOR issued a decision increasing the value of the property for tax year 1997, and the decision was not appealed. It appears, however, that 4500 Ltd. did not receive notice of the complaint, did not participate in the proceedings, and did not timely receive notice of the decision.[1]
 {¶ 3} When 4500 Ltd. eventually received notice of the decision it sought to overturn it in proceedings before the BOR. On January 16, 2001, the BOR issued an order vacating the September 30, 1998 valuation and, after a new proceeding during which 4500 Ltd. presented evidence, it issued an order assessing a new, reduced valuation on February 1, 2001. The BOE appealed this order to the BTA and moved the BTA to remand the proceedings and instruct the BOR to reinstate the September 30, 1998 decision.
 {¶ 4} The BTA ruled that, despite the fact that 4500 Ltd. apparently had never received notice of the 1998 complaint and subsequent decision by the BOR, the BOR had no authority to vacate its September 30, 1998 decision after the deadline for filing a notice of appeal had passed. The BTA did not remand with instructions that the BOR reinstate its September 30, 1998 decision, but instead ruled:
 {¶ 5} "In accordance with R.C. 5717.01 and R.C. 5717.04, the board has jurisdiction of this appeal and the motion to remand is denied. The Board of Tax Appeals finds the value of the subject property * * * as of January 1, 1997 in accordance with the value determined by the BOR in its order of September 30, 1998 to be: [true value $3,320,940; taxable value $1,162,330.]"
 I. JURISDICTION {¶ 6} 4500 Ltd. claims that the September 30, 1998 decision was void ab initio, and that all subsequent administrative proceedings are also void. If, on review, we determine that the BTA ruling is "unreasonable or unlawful," we are required to "reverse and vacate the decision or modify it and enter final judgment in accordance with such modification."[2]
 {¶ 7} Under R.C. 5717.01, a BTA has jurisdiction to review the decisions of a county BOR. Regardless of whether the reviewing body is an administrative board or a court, subject matter jurisdiction over the appeal is not dependent upon whether the inferior body had subject matter jurisdiction.[3] If the inferior body did not have jurisdiction to render its decision, the reviewing body does not lose jurisdiction over the appeal but is, instead, required to vacate the decision under review.[4] When the BOR issued its February 1, 2001 decision, the BOE was entitled to file an appeal with the BTA, even if the basis of the appeal was that the BOR lacked jurisdiction to render its decision. Because the BOE timely appealed the February 1, 2001 decision, the BTA had jurisdiction to review it. The first assignment is overruled.
 II. AUTHORITY OF THE BTA {¶ 8} 4500 Ltd. next claims that the BTA exceeded its authority when it issued a ruling that determined the value of the property. Although neither the BTA decision nor the BOE raises the issue, R.C.5717.03 states, in part:
 {¶ 9} "In case of an appeal from a decision of a county board of revision, the board of tax appeals shall determine the taxable value of the property whose valuation or assessment by the county board of revision is complained of * * *."
 {¶ 10} This provision appears to limit the BTA's authority by requiring it to render a valuation in every BOR appeal regardless of the circumstances. Nevertheless, in Cincinnati School Dist. Bd. of Edn. v.Hamilton Cty. Bd. of Revision, supra, the Ohio Supreme Court ruled that the BTA should have vacated a BOR decision that was made without jurisdiction.[5] Even though an appellate body has jurisdiction to review an order that was made without subject matter jurisdiction in the inferior tribunal, the appellate body's jurisdiction over the appeal is limited to vacating the decision or dismissing the case. If the inferior body lacked jurisdiction to decide the case, any appellate decision on the merits shares the infirmity and also must be vacated.[6]
Therefore, even if R.C. 5717.03 is intended to require the BTA to render a decision on the merits in every BOR appeal,[7] such decisions would themselves be void where the BOR lacked jurisdiction in the first instance.
 {¶ 11} Because there was no timely appeal of the September 30, 1998 decision, the BOR had no jurisdiction to re-open, reconsider, or vacate its original decision after the deadline for appeal had passed, even if the original decision is void.[8] Therefore, the BOR had no jurisdiction to vacate its original decision on January 16, 2001, or to enter a new decision on February 1, 2001. While the BTA correctly ruled that it had jurisdiction to review the February 1, 2001 order and associated proceedings, it had no authority to render a decision on the merits once it determined that the BOR lacked jurisdiction to enter the second decision. While the BTA's intent is unclear, its decision effectively purported to legitimize the BOR's September 30, 1998 decision instead of leaving that order to stand upon its own authority or lack thereof. Under Cincinnati School Dist. Bd. of Edn., the proper disposition here is to leave the September 30, 1998 decision intact. The parties may then seek to enforce or challenge that decision through other proceedings. The second assignment is sustained.
 {¶ 12} The BTA's judgment is modified to vacate the BOR's decisions of January 16, 2001 and February 1, 2001, and to omit any determination of value.
COLLEEN CONWAY COONEY, J., AND ANTHONY O. CALABRESE, JR., J., CONCUR
[1] After requesting a supplemented record, the BTA found that 4500 Ltd. did not receive notice. The certified mail envelopes referred to in the BTA's decision, however, do not appear in the record transmitted on appeal. We note this for future proceedings only, as the notice or lack thereof is irrelevant to the disposition of this appeal.
[2] R.C. 5717.04.
[3] See Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. ofRevision, 87 Ohio St.3d 363, 369, 2000-Ohio-452, 721 N.E.2d 40 (BTA had jurisdiction to review timely appealed order even though the BOR had no authority to enter it).
[4] Id.
[5] Id.
[6] Glass v. McCullough Transfer Co. (1953), 159 Ohio St. 505, 50 O.O. 425, 115 N.E.2d 78, paragraph seven of the syllabus.
[7] An issue we need not, and do not, decide here.
[8] Cincinnati School Dist. Bd. Of Edn., 87 Ohio St.3d at 368.